IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | * | |
| Interpleader Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-22-2716 |
| MAYONE GRILL LLC, et al., | * | |
| Interpleader Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Interpleader Plaintiff Bank of America, N.A. ("Bank of America") has brought this action against Defendants Mohib Anvari and Mohammad Nadir Alumyar pursuant to Federal Rule of Civil Procedure 22. Pending before the Court is Bank of America's Motion to Deposit Funds in the Court's Registry, to be Dismissed, and for Attorneys' Fees and Costs. (ECF No. 25.) Bank of America's Motion will be granted in part and denied in part.

### I.  *Factual and Procedural Background*

Bank of America is the custodian of four accounts: accounts ending in -4328 and -3734 in the name of "Mayone Grill LLC" and accounts ending in -8291 and -0948 in the name of "Mayone Grill LLC DBA The Kabul." (ECF No. 25-1 at 3.) Those accounts contain the funds that are at the center of this dispute (the "Disputed Funds").[1] In short, Anvari and Alumyar are (or perhaps were) business partners in connection with the Mayone Grill. Bank of America explains that both

---

[1] The total amount of funds is not clear. In its Interpleader Complaint, Bank of America states that the assets approximate $208,112.27. (ECF No. 1 at 1.) However, there appears to be a typographical error in the initial Motion to Deposit Funds, which explains that the total disputed funds are $208,122.27 but also $208,112.27. (ECF No. 15-1 at 1, 7.) The instant Motion to Deposit Funds appears to repeat this typographical error. (*See* ECF No. 25-1 at 1 (explaining that the relevant accounts "have assets of approximately $208,122.27").) The instant Motion then also references $363,628.35 in disputed funds without explanation. (*Id.* at 8.) Given these discrepancies, Bank of America will be directed to deposit the entirety of the assets contained in the four relevant accounts, rather than a specific dollar amount.

Anvari and Alumyar were listed as signers at various times on accounts ending in -4328, -8291, and -0948, but that only Anvari was listed as a signer on -3734. (*Id.* at 3–4.) However, Alumyar "has made general claims concerning any accounts opened by Mayone Grill LLC during this dispute." (*Id.*)

In May 2022, Alumyar was removed as a signer on accounts -4328, -8291, and -0948 after Anvari presented Bank of America with a notarized letter, purportedly signed by Alumyar, indicating that Alumyar was transferring his 50% ownership interest in Mayone Grill to Anvari. (*Id.* at 4.) However, in August 2022, Alumyar claimed that he was still a 50% owner and that his name was wrongfully removed from the accounts. (*Id.*) As Bank of America explains, it has "received numerous conflicting correspondence from Mr. Anvari and Dr. Alumyar regarding the ownership status of the Accounts" and that "Mr. Anvari and Dr. Alumyar contacted Bank of America to dispute whether Dr. Alumyar sold his shares in Mayone Grill LLC to Mr. Anvari, whether Mr. Alumyar is still a signer on the Accounts, and whether Bank of America properly froze the Accounts." (*Id.* at 5.)

Bank of America initially filed a Motion to Deposit Funds in February 2023. (ECF No. 15.) The Court denied that Motion without prejudice "[g]iven the Parties' ongoing discussions regarding a consent motion to deposit funds[.]" (ECF No. 24.) The Court explained that Bank of America could refile its Motion "[t]o the extent the parties are unable to reach an agreement[.]" (*Id.*) The settlement discussions were apparently unfruitful, and Bank of America filed the instant Motion, which seeks to deposit funds, to be dismissed, and for an award of attorneys' fees and costs. (*See generally* ECF No. 25.)

Anvari does not oppose Bank of America's Motion. (ECF No. 26 (explaining that the instant Motion "accurately reflects the settlement reached with Bank of America").) Alumyar has

2

filed an opposition. (ECF No. 28.) In it, he explains that "[t]he Bank has quickly abandoned its initial interpleader complaint, as it was a plot to mislead the court, but most importantly the two partners of Mayone Grill LLC. This is yet another attempt by the bank to mislead all parties concerned, by abandoning the original case and instead is now seeking a quick dismissal by way of a motion to deposit funds and walk away with extortionate legal fees charged to a small business." (*Id.*)

## *II. Interpleader*

Interpleader addresses "[t]he classic circumstance . . . where one party, a 'stakeholder' has money or other property that is claimed, or may be claimed by two or more other parties, the 'claimants,' creating a risk of inconsistent claims to the property or judgments against the stakeholder that exceed the value of the property." *AmGuard Ins. Co. v. SG Patel & Sons II LLC*, 999 F.3d 238, 244 (4th Cir. 2021). "The propriety of interpleader depends on whether the stakeholder 'legitimately fears' multiple litigation over a single fund. The Court considers whether: (1) it has jurisdiction over the suit; (2) a single fund is at issue; (3) there are adverse claimants to the fund; (4) the stakeholder is actually threatened with multiple liability; and (5) equitable concerns prevent the use of interpleader." *Mut. of Am. Life Ins. Co. v. Smith*, Civ. No. DKC 16-1125, 2018 WL 3209376, at *2 (D. Md. June 29, 2018) (citation omitted).

The Court concludes that interpleader is appropriate in this case. First, the Court has jurisdiction over the suit, as Bank of America is a corporation with its principal place of business in North Carolina, Anvari and Alumyar are Maryland residents, and the amount in controversy exceeds $75,000.[2] *See Canal Ins. Co. v. Partee*, Civ. No. WDQ-06-3330, 2007 WL 9780545, at *2 (D. Md. Oct. 18, 2007) ("Rule 22 interpleader actions must fall within one of the statutory

---

[2] Despite the lack of clarity regarding the precise amount at issue, it exceeds $75,000.

3

grants of federal jurisdiction, such as diversity jurisdiction."); *see also PNC Bank, N.A. v. Balsamo & Norino Properties, LLC*, Civ. No. RDB-20-2922, 2021 WL 2474398, at *4 (D. Md. June 16, 2021) ("[R]ule interpleader requires diversity between only the stakeholder and the claimants[.]"). Second, there is a single fund at issue—the Disputed Funds contained in the four accounts. Third, there are adverse claimants to it—Anvari and Alumyar. Fourth, Bank of America is actually threatened with multiple liability with respect to the accounts, given that Anvari appears to claim that he has the right to the entirety of the funds, and that Alumyar appears to claim that he has the right to some portion of the funds. *See* Fed. R. Civ. P. 22 ("Persons with claims that *may* expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." (emphasis added)). Finally, the parties have not presented any equitable concerns that would prevent the use of interpleader.

Alumyar's opposition does not give the Court any reason to conclude otherwise. His overarching argument is that Bank of America "abandoned" its initial interpleader complaint, (*see generally* ECF No. 28), but this is not true. Rather, it was the Court that denied Bank of America's previously-filed Motion to Deposit Funds given its understanding that a settlement was imminent. Alumyar also raises concerns about "extortionate legal fees" (ECF No. 28), but such concerns do not relate to whether interpleader is appropriate and are addressed below.

### III. *Attorneys' Fees and Costs*

Bank of America seeks attorneys' fees and costs of $23,500 but provides no support for this request. (*See* ECF No. 25-1 at 9.)[3] This does not comply with the Court's Local Rules. *See* Local Rule 109.2 (D. Md. 2023) ("Any motion requesting the award of attorneys' fees must be

---

[3] The Court recognizes that Bank of America submitted support for the attorneys' fees in connection with its initial Motion to Deposit funds. However, over eight months passed between Bank of America's initial Motion to Deposit Funds and the instant Motion, and Bank of America now seeks a different amount in attorneys' fees. Therefore, Bank of America was required to provide updated support for its request.

supported by . . . a detailed description of the work performed broken down by hours or fractions thereof expended on each task, the attorney's customary fee for such like work, the customary fee for like work prevailing in the attorney's community . . .").

The Court is unable to assess whether this amount is reasonable. *See Spell v. McDaniel*, 852 F.2d 762, 768 (4th Cir. 1988) (explaining that "the burden is on the party seeking the fee award to establish the reasonableness of the hours spent"). Further, although the settlement discussions may have made this matter more time-consuming than a typical interpleader action, $23,500 still appears excessive for such an action. *See Bank of Am., N.A. v. Jericho Baptist Church Ministries, Inc.*, Civ. No. PX 15-02953, 2017 WL 319521, at *2 (D. Md. Jan. 23, 2017) ("Only a limited recovery is available to stakeholders because the interpleader process does not usually involve any great amount of skill, labor or responsibility." (citation and quotations omitted)). Bank of America's request for attorneys' fees and costs will therefore be denied without prejudice.

## *IV. Conclusion*

Accordingly, it is ORDERED that:

1. Bank of America's Motion to Deposit Funds in the Court's Registry, to be Dismissed, and for Attorneys' Fees and Costs (ECF No. 25) is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.

    a. It is GRANTED insofar as Bank of America seeks to deposit funds in the Court's registry and to be dismissed from this case and Bank of America is DISMISSED from this matter.

    b. It is DENIED WITHOUT PREJUDICE insofar as Bank of America seeks attorneys' fees and costs.

2. Bank of America is AUTHORIZED to deposit with the Clerk of the Court the Disputed Funds.

3. The Clerk is DIRECTED to place the Disputed Funds into an interest-bearing account, to be held by the Court pending a later Order regarding the Disputed Funds' disbursal.

4. The Court sets in a STATUS HEARING for February 8, 2024 at 3:00 p.m. in Courtroom 5A at the Edward A. Garmatz United States District Courthouse at 101 W. Lombard St., Baltimore, MD 21201. Mohib Anvari and Mohammad Nadir Alumyar must be present.

5. The Clerk is DIRECTED to mail a copy of this Memorandum and Order to Mohammed Nadir Alumyar and Mohib Anvari.

DATED this 8 day of January, 2024.

BY THE COURT:

_____
James K. Bredar
Chief Judge